**FILED**

July 10, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

BY: _____
                    NM
                                        DEPUTY

| | |
|---|---|
| **ISAIAS EMANUEL MENDOZA PILARTE, A# 246 284 136,** §<br>§<br>§<br>**Petitioner,** §<br>§<br>**v.** §<br>§<br>**WARDEN, South Texas ICE Processing Center, ET AL.,** §<br>§<br>**Respondents.** § | **NO. SA-26-CV-04252-OLG** |

## DISMISSAL ORDER

Before the Court is the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Isaias Emanuel Mendoza Pilarte on July 6, 2026. (Dkt. No. 1). Upon review, the Court finds that the Petition should be and hereby is **DISMISSED WITHOUT PREJUDICE** without service on Respondents.

The Fifth Circuit recently held that noncitizens, like Petitioner, who have entered and established "long-term residence in the United States" may be detained "under [§] 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557, at *6, 16 (5th Cir. July 2, 2026). As Petitioner's detention commenced, by his own admission, on June 12, 2026, he has not yet been detained for 90 days. (Dkt. No. 1). Because Respondents' window to provide Petitioner with a bond hearing has not yet closed, the Court cannot find that his ongoing detention violates due process. In other words, Petitioner's due process challenge to detention sans bond hearing is not yet ripe and, therefore, must be dismissed without prejudice.[1] *See Rodriguez*, 2026 WL 1906557, at *16 (holding that

---

[1] Any statutory challenge to the application of § 1225(b)(2)(A)'s mandatory detention provision has been foreclosed by a divided panel of the Fifth Circuit and therefore subject to dismissal. *See Buenrostro-Mendez v. Bondi*, 166 F.4th

mandatory detention under 1225(b)(2)(A) does not violate due process so long as a bond hearing is "held within 90 days of the commencement of detention").

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

SIGNED on July _____10_____, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

---

494, 500 (5th Cir. 2026) (holding that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States").

Any APA claim is not properly before the Court in a habeas proceeding and likewise subject to dismissal. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a "request for habeas relief ... unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only.").

The same goes for any *Accardi*-based claim—which "is inapposite in a petition for habeas relief," *Chi*, 2026 WL 1062625, at *6; any challenge brought under the Suspension Clause—as "Petitioner's ability to pursue [his] claims demonstrates that the writ has not been suspended," *Heredia v. Bondi*, No. 26-CV-1556, 2026 WL 1587132, at *6 (S.D. Tex. Apr. 20, 2026); any equal-protection based claim—which is unavailing in this context, where "the primary objection to the respondents' detention policy is its over-inclusivity," *Chi*, 2026 WL 1062625, at *4; and any alleged Fourth Amendment violations—as such a claim "has no bearing on the legality of detention ... during removal proceedings," *Antonio v. Bondi*, No. 26-CV-610, 2026 WL 1213820, at *2 (W.D. Tex. May 4, 2026).